UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KALLIJACH ANTONIO,

                              Plaintiff,

                -against-

UNITED STATES OF AMERICA;
CONFIDENTIAL INFORMANT #1;
CONFIDENTIAL INFORMANT #2;
CONFIDENTIAL INFORMANT #3,

                              Defendants.

23-CV-0079 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Kallijach Antonio, who is appearing *pro se*, invokes the court's federal question jurisdiction and attempts bring this action on her own behalf and on behalf of the estate of an individual named Audley Antonio. By order dated January 6, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

Plaintiff Kallijach Antonio brings this action using the court's general complaint form, to which she attaches another, type-written complaint. She attempts to bring claims on her own behalf and on behalf of the estate of an individual named Audley Antonio. On the complaint form, Plaintiff checks the box to invoke the court's federal question jurisdiction, and in response to the question asking which of her federal constitutional or federal statutory rights have been violated, she writes, "1) Due Process[,] 2) Unlawful Search & Seizure of property[,] 3) Title 18

United States Code[,] 4) Conflict of Interest on behalf of the United States."[1] (ECF 2, at 2.) In the section of the complaint form designated for Plaintiff to state the facts giving rise to her claims, Plaintiff writes "See Attached." (*Id.* at 5.) She lists her injuries as "Death, Loss of property." (*Id.* at 6.) Listed as Defendants are the United States of America and three "confidential informant[s]." (*See id.* at 1, 4.)

For relief, Plaintiff asks the Court to "[p]rovide the names of confidential informant 1, 2, 3"; "[r]eturn property seizure without forfeiture proceeding in Dk# 03MAG1158"; and to "[c]ease any investigation on [a]ny family member of Antonio 'unreasonable' investigation." (*Id.*)

Plaintiff attaches another complaint, which she labels, "Solicitation of murder 'complaint' to support request for confidential informant identity," and which lists "Audley Antonio Estate" as the plaintiff and the "United States Government" and three "confidential informants" as defendants. (*Id.* at 8.) In that document, Plaintiff asserts seven "counts": (1) "Racketeering Conspiracy"; (2) "Conspiracy to Commit Murder in Aid of Racketeering"; (3) "Murder for hire plot"; (4) "Use of a wire communication for Murder"; (5) "International Murder for hire, solicitation of murder [in] Aid of Racketeering"; (6) "Use of electronic communication to Murder"; and (7) "Electronic communication in Aid of Racketeering." Plaintiff also asserts a "Forfeiture Allegation as to Count One" and a "Forfeiture Allegation as to the Complaint."

The following allegations are taken from the attached complaint. The United States "by and through unknown confidential agents" – the three confidential informants named as defendants – is a member of "a criminal organization whose members and associates engaged in,

---

[1] The Court quotes the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

among other things, acts involving murder, murder for hire, in that solicitation of intentional homicide, bribery, and extortion, blackmail, access device fraud, and conflict of interest and conduct." (*Id.* at 9.) Plaintiff refers to the United States and its agents collectively as "The Enterprise." (*Id.*) The Enterprise operates "principally in the metropolitan cities, New York, Miami, and was and is active elsewhere, both inside and outside the City and State of New York." (*Id.*)

The Enterprise, including the confidential informants and "others known and unknown . . . conspired to murder Audley Antonio through their fraudulent business, agreement, provisions and contracts on or around November 5, 2000 at a specific location in Kingston, Jamaica." (*Id.* at 13.) The Enterprise "planned through electronic communication devices to kill Audley Antonio in the Bronx New York by luring him to Kingston, Jamaica, where the contract to kill Mr. Audley Antonio was outsourced to unknown paid hitman, who then outsourced the hit to another hitman."[2] (*Id.* at 18.) The confidential informants "secretly followed Audley Antonio activities using video surveillance, photo surveillance and wiretap interception device to record Audley Antonio daily communication in Jamaica in order to carry out its murder for hire plot." (*Id.* at 21.)

The Enterprise and agents of the Drug Enforcement Administration ("DEA") "obtained, possessed, and unlawfully seized legal gain and profits of Mr. Audley Antonio located at Chase Bank Na, as described in DEA report docket # 03 MAG 1158, base[d] on false testimonies from paid informant with questionable characters." (*Id.* at 12.)

---

[2] Specifically, the "hired or paid gunners outsourced [the murder] to a third, who out sourced it to a fourth, then out sourced it again until they found the right shooter willing to kill for a set price of $500 US dollars." (*Id.* at 20.)

In 2014, Plaintiff filed an action in this court seeking to unseal records in a prior case relating to Audley Antonio.[3] The parties stipulated to an agreement by which Plaintiff was provided with redacted documents. Plaintiff contends that the redacted portions include communications "between multiple DEA agents and [the three confidential informants], and others known and unknown, that may have information . . . regarding the murder of Audley Antonio . . . and may even have aided and abetted in the hire to murder plot to kill Audley Antonio" in violation of New York Penal Law. (*Id.* at 16.)

With respect to her "Forfeiture Allegations," Plaintiff asserts that "Audley Antonio was a wealthy aspiring business[person] and was not under any Federal investigation for any illegal activities . . . prior to his contractual death in Kingston, Jamaica." (*Id.* at 26.) She alleges that an amount "exceeding $250,000" was seized from a safe deposit box at Chase Manhattan Bank "without notice on or around June 2003." (*Id.* at 27.) The money was allegedly seized "under guise of drug proceeding, contraband, etc." (*Id.*) Plaintiff maintains that the confidential informants and the United States provided "false information" that the seized money was traceable to the commission of illegal activity. (*Id.*) Plaintiff alleges that the safe deposit box was part of the estate of Audley Antonio and "no inventory was made of the content of the box." (*Id.*

---

[3] In *Antonio v. United States*, No. 14-CV-2072 (RWS) (S.D.N.Y. May 21, 2014), Plaintiff sued the United States, asking the court for an order requiring the defendant to unseal to docket in No. 03-MAG-1158, a case relating to seizure of Audley Antonio's safe deposit box, as described in more detail below. On May 21, 2014, Judge Robert W. Sweet issued a stipulation and order reflecting the parties' agreement that the docket for No. 03-MAG-1158 would be unsealed and dismissing the complaint without prejudice. ECF 1:14-CV-2072, 6. On June 5, 2017, Plaintiff filed in the close case a "motion to reveal witness identity" in which she sought the name of a confidential informant described in the search warrant. ECF 1:14-CV-2072, 7. By order dated August 30, 2017, Judge Sweet denied the motion on the grounds that the court lacked jurisdiction because there was no underlying, operative complaint and because Plaintiff had not requested the information from the appropriate government agency and exhausted her administrative remedies before coming to federal court. ECF 1:14-CV-2072, 14.

at 28.) Plaintiff also states that Defendants "conspired to access assets belonging to Audley Antonio, located [at] 1350 East Bay HSBC Bank Na." (*Id.*) Finally, Plaintiff alleges that the United States, "as part of their narcotics operations many have encountered sensitive contents of safe deposit box which may include Audley Antonio Law Will and Testament." (*Id.* at 29.)

## DISCUSSION

### A.   Claims on Behalf of the Estate of Audley Antonio

As an initial matter, it is unclear from the complaint whether Plaintiff Kallijach Antonio can bring claims *pro se* on behalf of the estate of Audley Antonio. The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing [her]self." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). But "when the administrator and sole beneficiary of an estate with no creditors seeks to appear *pro se* on behalf of the estate, [he] is in fact appearing solely on [his] own behalf, because [he] is the only party affected by the disposition of the suit." *Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 893 (2d Cir. 2019) (citing *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010)). This is because the "assignment of the sole beneficiary's claims to a paper entity – the estate – rather than to the beneficiary herself, is only a legal fiction." *Id.* (citing *Guest*, 603 F.3d at 21).

Here, Plaintiff does not allege that she is the sole beneficiary of Audley Antonio's estate or that the estate has no creditors. In fact, nowhere in the complaint does Plaintiff explain her relationship to Audley Antonio. If Plaintiff seeks to assert claims on behalf of the estate of

Audley Antonio in an amended complaint, she must allege that she is the sole beneficiary of the estate and that the estate has no creditors.

**B.      Criminal Claims**

Plaintiff repeatedly invokes federal criminal statutes under Title 18 of the United States Code. To the extent Plaintiff seeks to enforce criminal laws, that request must be denied. Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses any criminal claims Plaintiff seeks to bring for failure to state a claim. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

**C.      Identity of Confidential Informants**

Plaintiff seeks the identities of three confidential informants that allegedly worked for the United States government. Because Plaintiff appears to be seeking access to information in the possession of an agency of the United States, the Court construes these claims as arising under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The FOIA provides members of the public a right of access to some information from federal executive agencies. Federal courts have jurisdiction to enforce this right if a requester can show that "an agency has (1) 'improperly;' (2) 'withheld;' (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989).

Before seeking judicial review, a FOIA applicant must exhaust administrative remedies by completing the administrative appeal process. 5 U.S.C. § 552(a)(6)(A)(i)-(ii); *see Sloman v. U. S. Dep't of Justice*, 832 F. Supp. 63, 65-66 (S.D.N.Y. 1993). The exhaustion requirement allows the targeted agency to correct its own errors, which obviates unnecessary judicial review. *See McKart v. United States*, 395 U.S. 185, 193-94 (1969); *New York Times Co. v. United States Dep't of Labor*, 340 F. Supp. 2d 394, 398 (S.D.N.Y. 2004) ("[P]rior to judicial review, the [plaintiff] must exhaust h[is] administrative remedies.").

The FOIA establishes the following administrative process:

Each agency, upon any request for records . . . shall (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of – (I) such determination and the reasons therefor[.]

5 U.S.C. § 552(a)(6)(A)(i); *see* 28 C.F.R. § 16.6(b), (c). If the request is denied, the requester may appeal the adverse determination to the head of the agency within 90 days. 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa). A FOIA requester is deemed to have exhausted her administrative remedies if she files a timely appeal and the agency does not respond within applicable limits. *McKevitt v. Mueller*, 689 F. Supp. 2d 661, 667 (S.D.N.Y. 2010) (relying on 5 U.S.C. § 552(a)(6)(C)(i)).

Here, Plaintiff does not allege facts suggesting that she has filed a FOIA request with the federal agency that she believes to be in possession of documents containing the information she is seeking and that she has exhausted her administrative remedies. Because Plaintiff does not allege that she has exhausted her administrative remedies as described above, she fails to state a claim under the FOIA.

D.      **Claims Relating to Seizure of Safe Deposit Box**

Plaintiff alleges that money belonging to the estate of Audley Antonio was seized from a safe deposit box, purportedly as part of a criminal investigation of Audley Antonio and because the money was traceable to illegal activity. Plaintiff seeks return of that seized money. Rule 41(g) of the Federal Rules of Criminal Procedure provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). [W]here no criminal proceedings against the movant are pending or have transpired, a motion for the return of property is treated as a civil equitable proceeding." *Mora v. United States*, 955 F.2d 156, 158 (2d Cir. 1992) (internal quotation marks, citation, and alterations omitted). As an equitable remedy, relief under Rule 41(g) is "available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction," and, therefore, "[j]urisdiction under Rule 41 is to be exercised with great restraint and caution." *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006). To prevail on a Rule 41(g) motion, the moving party "must demonstrate that (1) [s]he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." *Ferreira v. United States*, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005) (internal quotations and citations omitted); *see also United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 311-13 (applying the *Ferreira* factors).

For the reasons discussed above, Plaintiff may not bring a *pro se* action on behalf of the estate of Audley Antonio seeking return of the money unless she is the sole beneficiary of the estate and the estate has no creditors. *See Pappas*, 915 F.3d at 893.

To the extent Plaintiff is asserting a claim for return of the money on her own behalf, she fails to state a claim. Even if the Court accepts as true Plaintiff's conclusory allegations that Audley Antonio was not under investigation, that the money was not connected to illegal activity,

and that it was seized based on "false information," *see* ECF 2, at 27, Plaintiff alleges no facts suggesting that she personally is entitled to lawful possession of the money, *see Ferreira*, 354 F. Supp. 2d at 409.

Moreover, Plaintiff's claim appears to be time-barred. When a Rule 41(g) motion is treated as a civil complaint for equitable relief because the criminal proceedings have terminated, the Second Circuit applies the general catch-all statute of limitations for civil actions against the federal government contained in 28 U.S.C. § 2401(a). *Bertin v. United States*, 478 F.3d 489, 492-93 (2d Cir. 2007). Under Section 2401(a), "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a).

A Rule 41(g) motion accrues when the party seeking return of property "'discovered or had reason to discover that his property' was improperly seized." *Bertin*, 478 F.3d at 493 (quoting *Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 654 (2d Cir. 1998)). The specific time that an action accrues depends on whether there were criminal proceedings or civil forfeiture proceedings relating to the property seized. Where there has been a related criminal proceeding but no civil forfeiture proceeding, "the cause of action accrues at the end of the criminal proceeding." *Bertin*, 478 F.3d at 493. Where there was no related criminal proceeding following the seizure, the cause of action accrues: "(i) at the conclusion of a civil forfeiture proceeding, or (ii) if no civil forfeiture proceeding was conducted, at the end of the five-year limitations period during which the government is permitted to being a civil forfeiture action." *Id.* (citing *Polanco*, 158 F.3d at 654).

Here, because Plaintiff alleges the money was seized in 2003, three years after Audley Antonio's death, the Court assumes that no criminal proceedings related to the seizure took

place. Plaintiff does not allege when she discovered that the money was improperly seized or whether civil forfeiture proceedings took place.[4] Assuming that no forfeiture proceedings took place, the claim accrued five years after the 2003 seizure, that is, sometime in 2008. Plaintiff therefore had six years from 2008, or until sometime in 2014, to bring a timely civil action for return of the property. Plaintiff did not bring this action until 2023, approximately nine years after the statute of limitations expired. Her claim therefore appears untimely.

The Court grants Plaintiff leave to amend her claims related to the property seized from Audley Antonio's safe deposit box. If Plaintiff files an amended complaint, she must allege facts suggesting that she is entitled to lawful possession of the seized property; the property is not contraband; either the seizure was illegal or the government's need for the property as evidence has ended. *See Ferreira*, 354 F. Supp. 2d at 409. Plaintiff must also allege facts showing that her claims are timely or that equitable tolling should apply. Finally, if Plaintiff seeks to assert this claim on behalf of the estate of Audley Antonio, she must show that she is the sole beneficiary of the estate and that the estate has no creditors.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

---

[4] Plaintiff, however, does reference the allegedly improper seizure of the safe deposit box in the prior complaint she filed in this court, suggesting that she was aware of the potentially improper seizure at least as early as 2014. *See Antonio v. United States*, ECF 1:14-CV-2072, 2 (S.D.N.Y. May 21, 2014).

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claims under the FOIA and Rule 41(g), the Court grants Plaintiff 60 days' leave to amend his complaint to detail her claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

The Court also strongly advises Plaintiff to contact the New York Legal Assistance Group ("NYLAG"), an organization that provides legal advice to self-represented plaintiffs and defendants, for assistance in drafting his amended complaint. A flyer from NYLAG is attached to this order.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-0079 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    March 6, 2023
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____        \_\_\_\_ Civ. _____ ( \_\_\_\_ )
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*         **AMENDED**
                                                                          **COMPLAINT**

                         **-against-**

                                                              Jury Trial:  ☐ Yes      ☐ No
_____                     *(check one)*
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*

**I.        Parties in this complaint:**

A.        List your name, address and telephone number.  If you are presently in custody, include your
          identification number and the name and address of your current place of confinement.  Do the same
          for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff        Name _____
                 Street Address _____
                 County, City _____
                 State & Zip Code _____
                 Telephone Number _____

B.        List all defendants.  You should state the full name of the defendant, even if that defendant is a
          government agency, an organization, a corporation, or an individual.  Include the address where
          each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
          contained in the above caption.  Attach additional sheets of paper as necessary.

*Rev. 12/2009*                            1

Defendant  No. 1    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 2    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 3    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 4    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions            ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
_____
_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

III.    **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _____

_____

B.      What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.      Facts: _____

_____

| What happened to you? |
_____
_____
_____

| Who did what? |
_____
_____

_____

| Was anyone else involved? |
_____
_____

| Who else saw what happened? |
_____
_____
_____

IV.     **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____
_____

*Rev. 12/2009*                                      3

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.  _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____



**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address             _____

                            _____

                            _____

Telephone Number            _____

Fax Number *(if you have one)*  _____


<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.


Signature of Plaintiff:     _____

Inmate Number               _____



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

    Room LL22
    40 Centre Street
    New York, NY 10007
    (212) 659 6190

    Open weekdays
    10 a.m. – 4 p.m.
    Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



**NYLAG**
New York | Legal Assistance Group

## Services Provided for Self-Represented Litigants in the Southern District of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York provides free limited legal assistance to individuals who are representing themselves or planning to represent themselves in civil lawsuits in federal court in Manhattan and White Plains. The clinic is staffed by attorneys, law students, and paralegals. Information given to clinic staff is confidential.

### Clinic Staff Can:

- Advise on filing cases in federal court, including on the issue of whether a case should be filed in the Southern District of New York or somewhere else;
- Provide legal advice in response to questions that come up at any stage of litigation;
- Assist in getting additional information or research into the legal issue in your case;
- Review and explain court orders and filings by your opponent, and provide an overview of the federal legal process in civil cases generally;
- Assist with motions, discovery, and strategy;
- Assist with getting ready for depositions, pretrial conferences, mediations, and court appearances;
- Provide forms and instructions manuals;
- In appropriate cases, help you retain pro bono counsel;
- In appropriate cases, represent you in a mediation through the Southern District's Alternative Dispute Resolution Program, or a court-ordered settlement conference;
- In appropriate cases, represent you at a deposition; and
- In appropriate cases, provide referrals to other agencies and organizations that provide civil legal services and/or social services.

### Clinic Staff Cannot:

- Assist with federal civil cases that belong in a different federal court, such as the Eastern District of New York, which covers of New York, which covers Brooklyn, Queens, Staten Island, and Nassau and Suffolk Counties;
- Assist with an appeal of your federal case;
- Assist with state court cases, bankruptcy court cases, or criminal cases;
- Pay any of the costs associated with filing or defending a lawsuit in federal court;
- File documents with the court on your behalf;
- Appear on your behalf other than representation at a mediation through the Southern District's Alternative Dispute Resolution Program, a court-ordered settlement conference, or, in appropriate cases, a deposition;
- Write court documents for you; or
- Conduct an investigation into the facts of your case.

### Clinic Staff May Decline Assistance If:

- NYLAG has already given advice to your opponent;
- Your legal problem is beyond the scope of matters handled by the clinic;
- Providing assistance would conflict with the New York Rules of Professional Conduct;
- Your income and/or assets are high enough to allow you to retain private counsel; or
- NYLAG determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

Use of the NYLAG Legal Clinic for Pro Se Litigants is separate from any appointment of counsel by the court. A request for appointment of counsel requires a separate application and the decision whether to appoint counsel is entirely up to the court. Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

**New York:** Thurgood Marshall United States Courthouse | Room LL22 | 40 Centre Street | New York, NY 10007 | (212) 659 6190 | https://nylagoi.legalserver.org/modules/matter/extern_intake.php?pid=142&h=cea984&

